IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LISA WAITE,

       Plaintiff,

      v.                                 No. 1:22-cv-00986-KG-KRS

EDURO HEALTHCARE, LLC,
CABEZON NURSING AND REHAB, LLC,
JOSEPH FOXWOOD, JOLENE GUTIERREZ,
JERA BAILEY, and CATE DYER,

       Defendants.

## MEMORANDUM OPINION AND ORDER

On November 2, 2022, Plaintiff Lisa Waite filed a civil complaint in New Mexico State District Court, 13th Judicial District, claiming violations of the Family and Medical Leave Act of 1993 (FMLA) and the New Mexico Human Rights Act (NMHRA). The claims arise from her alleged unlawful termination from employment as Director of Nursing at Suites Rio Vista (SRV), a nursing facility. Defendant seeks damages as well as attorney fees and costs.

On December 29, 2022, Defendants filed a Notice of Removal (Doc. 1), asserting federal question jurisdiction based on Plaintiff's claim under the FMLA. Plaintiff in turn moves the Court to remand the matter to State District Court, contending that while the FMLA is a law of the United States, implicating federal question jurisdiction, this Court nevertheless should decline to exercise jurisdiction because her state claim under NMHRA predominates over the FMLA claims. Defendants filed a Response in opposition (Doc. 13) and Plaintiff filed her reply (Doc. 14). Having considered the foregoing briefing as well as controlling authority, the Court denies the motion.

*Allegations of Complaint*

A summary of the allegations in Plaintiff's complaint generally is as follows: She was employed as a Director of Nursing at SRV since January 20, 2020, managing and supervising nursing and care staff of Eduro and Cabezon. Her supervising administrators included Defendant Foxwood and Defendant Bailey. She performed her duties in a manner that met or exceeded expectations. In February 20, 2021, she was diagnosed with Diabetic Charcot Arthropathy and LisFranc Injury in her feet. She was prescribed "a regular weekly regimen of 'debriding' and evaluating the healing progress in [her] feet," the treatment to be every Wednesday morning. As a result, Plaintiff requested and Defendant Foxwood approved late arrival to work so she can go to treatment. Plaintiff's Diabetic Charcot condition is brought on by diabetes and was complicated by Lupus. The weekly treatment began in February 2020.

On or about June 15, 2021, Plaintiff requested medical leave from Defendant Foxwood, who instructed her to work from home instead of using FMLA at that time. Defendant Foxwood also approved a computer for Plaintiff's use from home and waived any requirement that Plaintiff be on call or to conduct staff meetings. Defendant Foxwood also proposed that unit managers and Defendant Gutierrez would cover on call and matters relating to staff.

On July 7, 2021, while Plaintiff was visiting SRV, Defendant Bailey conducted an unannounced examination of Plaintiff's wounds and, although not a medical doctor, determined Plaintiff could no longer work remotely. On July 14, 2021, Plaintiff's intermittent leave was terminated by Defendant Dyer, who instructed Plaintiff to take FMLA. Plaintiff was approved FMLA leave on July 15, 2021, through October 15, 2021, and she was designated a "Key Employee."

2

In September 2021, Plaintiff was informed that Enduro hired Alyssa Robinson as Director of Nursing. Later that same month, Plaintiff requested additional time off as a result of complications from surgery.  Her request was denied by Defendant Gutierrez and Defendant Dyer. On October 9, 2021, Plaintiff was terminated.  Defendant denied Plaintiff's request for personal leave and her request for another accommodation.  Plaintiff never received written notice that her return would cause substantial and grievous economic injury to the operation of her employer.

As of October 1, 2020, Plaintiff's annual salary at SRV was $120,000 plus benefits, bonuses, cell phone reimbursement, 401k match, and health insurance. Her total compensation package was worth more than $130,000.

*Procedural Background*

Plaintiff originally filed her complaint on November 2, 2022, in the 13th Judicial District Court, Sandoval County, State of New Mexico.  Defendants timely filed its Notice of Removal to this Court, asserting federal question jurisdiction, pointing to Plaintiff's claims under the FMLA. "[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc., v. Williams,* 482 U.S. 386, 392 (1987) (internal quotations omitted); *see also Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908).  This rule also accounts for the strong policy favoring a plaintiff's right to bring suit in the forum of his or her choosing when making only state-law claims. *Caterpillar Inc., v. Williams*, 482 U.S. 386, 392 (1987) ("[T]he party who brings a suit is master to decide what law

3

he will rely upon."). There is no apparent dispute here that the case is properly removed to this Court.

In support of her Motion to Remand, Plaintiff contends that although the FMLA is a law of the United States that implicates federal question jurisdiction, this Court nevertheless should decline to exercise supplemental jurisdiction because her claims under the NMHRA predominate over the FMLA claims. Plaintiff argues in the alternative that the Court should remand the state causes of action in part to avoid the likelihood of jury confusion in treating divergent legal theories of relief and because the FMLA and NMHRA claims are substantially different arising under different facts requiring different elements and proofs, and these differences would confuse the jury. This Court is not persuaded.

"[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even so, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction[.]" 28 U.S.C. § 1367(c).

This Court agrees *Bonadeo v. Lujan* is instructive to this case and, in view of the combined alleged facts outlined above, finds that the federal and state claims are based upon a common nucleus of operative fact. 2009 WL 1324119 (D.N.M.). This Court also notes the FMLA claims are the front of Plaintiff's claims, comprising the first and second counts suggesting primacy. The fact the NMHRA is claimed in more counts - three out of five - is not relevant. More controlling is that the alleged facts underpinning the state claims are inextricable to the federal claims. The Court also is not persuaded there is a risk of jury confusion of the

4

alleged facts and legal theories such as to warrant a remand of the state claims back to state court.

*Conclusion*

This Court has federal question jurisdiction.  For these reasons stated above, this Court exercises supplemental jurisdiction and declines to remand this lawsuit to the 13th Judicial District Court.

Accordingly, Plaintiff's Motion to Remand is DENIED.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE