IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA WAITE,

    Plaintiff,

v.                                                                                          No. 1:22-cv-986 KG/KRS

EDURO HEALTHCARE, LLC,
CABEZON NURSING AND REHAB CENTER, LLC,
JOSEPH FOXWOOD, JOLENE GUTIERREZ,
JERA BAILEY, and CATE DYER,

    Defendants.

## ORDER DENYING WITHOUT PREJUDICE MOTION TO EXTEND EXPERT WITNESS DEADLINES

THIS MATTER is before the Court on Plaintiff's Opposed Motion to Extend Deadlines on Expert Witness Report, (Doc. 43), filed June 27, 2024. Defendants filed a response to the Motion on July 11, 2024, and Plaintiff filed a reply on July 25, 2024. (Docs. 47, 55). Having considered the parties' briefing, the record of the case, and relevant law, the Court denies the Motion to Extend without prejudice.

**I.      Background**

Plaintiff brings claims against Defendants under the Family and Medical Leave Act and the New Mexico Human Rights Act, alleging unlawful termination from employment. (Doc. 1). On October 12, 2023, the Court entered a Scheduling Order setting deadlines of May 13, 2024 for Plaintiff to disclose expert reports, and June 14, 2024 for Defendants to disclose expert reports. (Doc. 26) at 2. On May 13, 2024, the presiding judge granted Plaintiff's unopposed motion to extend the parties' expert witness deadlines to June 27, 2024 and July 29, 2024, respectively. (Doc. 36) (granting Doc. 35).

On June 27, 2024, Plaintiff filed a second Motion to Extend, which is now before the Court. (Doc. 43). Plaintiff asks the Court to extend the parties' expert deadlines by forty-five (45) days, to August 11, 2024 for Plaintiff, and September 11, 2024, for Defendants. *Id.* Plaintiff states she seeks the extension because "[t]he parties are attending the settlement conference July 9, 2024" and "plaintiff would like to see if the case settles before filing her report, which may assist in facilitating a settlement." *Id.* at 2. Defendants oppose the Motion on the grounds that Plaintiff has not shown good cause to modify the scheduling order and because she asked for the extension on June 27, 2024, the date her expert reports were due. (Doc. 47) at 2. Defendants further note that Plaintiff's proposed extension would make the parties' reports due close to the September 24, 2024 discovery deadline, which would affect the parties' ability to take the experts' depositions. *Id.* at 4.

In her reply brief, Plaintiff states she seeks the extension because she "has been unable to depose defendants, individually or through the corporate representative," and that "Plaintiff requested the depositions long before the settlement conference" and "[t]he expert will need this information to issue a report because of the complexity of the case." (Doc. 55) at 2. Plaintiff further states "[o]nly recently have dates for depositions in August and September been given to Plaintiff." *Id.* She also states she "reached out to experts in Phoenix and Houston" but she did not receive a response from the experts, and "[t]o find another expert before the settlement conference would require more time and money from plaintiff." *Id.*

**II.     Analysis**

Under Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." *See also* D.N.M. LR-Civ. 16.1; *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's

broad discretion."). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Assn.*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citation omitted). Although the Court has broad discretion in managing the pretrial schedule, the Tenth Circuit has cautioned that "a scheduling order can have an outcome-determinative effect on the case[.]" *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011) (citations and quotation omitted). As a result, strict enforcement that results in the exclusion of evidence is a "drastic sanction and total inflexibility is undesirable." *Id.* Accordingly, the Court should consider four factors in its exercise of discretion: (1) "prejudice or surprise" to the non-movant; (2) the non-movant's ability to cure the prejudice; (3) the disruption to the order and efficiency of trial of the case or other cases in court; and (4) bad faith or willfulness in failing to comply with the court's scheduling order. *Id.* (quoting *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 605 (10th Cir. 1997)).

The Court first considers whether Plaintiff has shown good cause for extending the expert report deadlines. *See Gorsuch*, 771 F.3d at 1241 (noting parties must first satisfy Rule 16's "good cause requirement" to extend their scheduling order deadlines before the court considers whether to allow amendment to a complaint under Rule 15); *Okla. ex rel. Doak v. Acrisure Bus. Outsourcing Servs., LLC*, 529 Fed.Appx. 886, 891 (10th Cir. 2013) (finding no abuse of discretion when the district court refused to amend the scheduling order to extend all deadlines—including expert designations—because the moving party failed to show good cause for the extension); *Parker v. Cent. Kan. Med. Ctr.*, 178 F. Supp. 2d 1205, 1210 (D. Kan. 2001) (denying plaintiff's request to extend expert deadline because "plaintiff offer[ed] no reason, let alone a showing of good cause, why she was unable to procure an expert within the disclosure deadline

to testify as to causation and why she should be allowed an additional sixty days in which to obtain an expert"), *aff'd on other grounds*, 57 Fed. Appx. 401 (10th Cir. 2003).

Plaintiff filed her Motion to Extend on the date her expert report was due, stating that she sought an extension because "[t]he parties are attending the settlement conference July 9, 2024" and "plaintiff would like to see if the case settles before filing her report, which may assist in facilitating a settlement." (Doc. 43) at 2. No other reason is given in the Motion as a basis for a finding of good cause. "Believing that a case will settle, no matter how much it appears that the belief will come true, is not a reasonable basis for noncompliance with the time specified for completion of discovery." *Montoya v. Sheldon*, 286 F.R.D. 602, 617 (D.N.M. 2012). "It is always reasonable, rather, to assume there is a chance, if not more, that settlement may not occur. If the parties do not want to complete discovery while they are trying to settle a case, they should jointly move to push discovery deadlines back. Unilaterally ceasing to complete discovery is not a prudent response to approaching discovery deadlines." *Id.*; *see also In re Kirkland*, 86 F.3d at 175 ("[S]ome reasonable basis for noncompliance within the time specified is normally required" for a showing of good cause.) (citation omitted). Plaintiff's belief the case may settle does not satisfy Rule 16's requirement for a showing of good cause.

In her reply brief, Plaintiff belated raises additional reasons for seeking extension of her expert deadline, such as stating she was unable to depose defendants despite requesting deposition dates, and that she had reached out to experts but had not received a response. *See* (Doc. 55) at 2. It is improper to raise new arguments in a reply brief because it prevents the opposing party an opportunity to respond to them. Nevertheless, the Court does not find that these reasons provide good cause for extending the expert report deadline. Plaintiff does not state when she requested deposition dates from Defendants, other than stating it was "long before

the settlement conference." *Id.*  The parties have been engaged in discovery since October 12, 2023, which is ample time for Plaintiff to have taken Defendants' depositions.  Moreover, while Local Rule 30.1 requires parties to confer in good faith regarding scheduling depositions, a party may then serve notice of a deposition after adequate attempts to confer are made.  *See* D.N.M. LR-30.1.  In other words, Plaintiff was not required to wait to be provided deposition dates from Defendants, especially since Plaintiff states she "would like to have the depositions of key defendants before hiring an expert." (Doc. 43) at 2.  Plaintiff also fails to state when she reached out to potential experts, how many experts she contacted, or even that she has now found an expert who is awaiting Defendants' deposition testimony to prepare a report.  Therefore, the finds that Plaintiff fails to demonstrate diligent efforts in conducting discovery or meeting her pretrial deadlines.  Consequently, the Court finds that Plaintiff fails to establish good cause to extend the expert report deadlines.

Absent a finding of good cause, the Court denies Plaintiff's Motion to Extend her expert report deadline.  *See Little v. Budd Co.*, 2018 WL 836292, at *4 (D. Kan.) (finding magistrate judge appropriately applied Rule 16's good-cause standard prior to considering the four-factor test for motions for leave to add experts, and noting the Tenth Circuit does not require the court to apply the test absent a finding of good cause under Rule 16(b)(4)).  Considering the possible outcome-determinative effect of denying Plaintiff this extension, the Court denies the Motion without prejudice.  Plaintiff may file an amended motion that includes a showing of good cause for an extension.  If Plaintiff chooses to file an amended motion, she is directed to also address the four *Rimbert* factors in allowing amendment of expert witness deadlines.  *See* 647 F.3d at 1254 (explaining courts should consider the following in deciding whether to allow amendment of expert deadlines: (1) "prejudice or surprise" to the non-movant; (2) the non-movant's ability

to cure the prejudice; (3) the disruption to the order and efficiency of trial of the case or other cases in court; and (4) bad faith or willfulness in failing to comply with the court's scheduling order).

IT IS THEREFORE ORDERED, for the reasons stated above, that Plaintiff's Opposed Motion to Extend Deadlines on Expert Witness Report, (Doc. 43), is DENIED without prejudice. Plaintiff may file an amended motion **by August 9, 2024** in compliance with the Court's direction set forth above.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE