IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA WAITE,

       Plaintiff,

v.                                      No. 1:22-cv-986 KG/KRS

EDURO HEALTHCARE, LLC,
CABEZON NURSING AND REHAB CENTER, LLC,
JOSEPH FOXWOOD, JOLENE GUTIERREZ,
JERA BAILEY, and CATE DYER,

       Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO APPEAR
## FOR DEPOSITION VIA ZOOM

THIS MATTER is before the Court on Plaintiff's Motion to Appear for Deposition via Zoom, (Doc. 59), filed August 1, 2024. The Court entered an Order for Expedited Briefing setting a response deadline of August 8, 2024, and a reply deadline of August 13, 2024. (Doc. 60). Defendants filed a response on August 8, 2024. (Doc. 61). Plaintiff has not filed a reply, and the time for doing so has passed. Having considered the parties' briefing, the record of the case, and relevant law, the Court denies Plaintiff's Motion to Appear for Deposition via Zoom.

Plaintiff states her deposition has been set for August 30, 2024 in New Mexico, and asks the Court to allow her to appear via Zoom because she resides in North Carolina and "[d]ue to financial reasons, it is too costly for Plaintiff to travel to New Mexico for her deposition." (Doc. 59). Defendants respond that Plaintiff has not established an undue burden or expense in having to travel for her deposition, especially considering she filed this case in this court and a plaintiff's deposition is generally held in the litigation forum. (Doc. 61) at 3-4. Defendants contend they would be prejudiced by holding this crucial deposition via Zoom because they need

to introduce and discuss multiple documents regarding Plaintiff's claims, which would be difficult to do remotely. *Id.* at 5. Defendants further argue that technological issues during the deposition would also be prejudicial and affect their ability to share documents and indicate the exact item or location on a document. *Id.* at 5-6.

The examining party generally designates the location for the deposition of another party. *See* Fed. R. Civ. P. 30(b)(1). "[I]f the party deposed is a plaintiff or its agent, deposition is generally appropriate at the litigation forum." *Radian Asset Assur., Inc. v. Coll. of Christian Bros. of New Mexico*, 2010 WL 5150718, at *6 (D.N.M.) (quoting 7 J. Moore, et al., *Moore's Federal Practice* ¶ 30.20[1][b][ii] (3d ed.1997)). "The basis for requiring plaintiff to come to the forum for the taking of his or her deposition in most cases is that plaintiff has selected the forum." *Id.* at *5 (quoting 8A C. Wright, A. Miller, M. Kane & R. Marcus, *Federal Practice and Procedure* § 2112, at 533 (3d ed.2010)). Nevertheless, a court may grant a protective order to appoint a different place for the deposition to protect a party from "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). When determining whether a protective order is proper, "[t]he trial court has great discretion in establishing the time and place of a deposition." *Sheftelman v. Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987); *Begay v. United States*, 2018 WL 443325, at *2 (D.N.M.) ("Because the Plaintiff has greater influence over the choice of forum, courts are more willing to protect a defendant from having to come to the forum for the taking of his or her deposition than they are in the case of plaintiffs.") (citation omitted). "As a general policy, the Court encourages parties to set depositions in mutually agreeable locations." *Begay*, 2018 WL 443325, at *2 (citation omitted).

Plaintiff here argues that traveling to New Mexico for her deposition is a financial burden. (Doc. 59). This argument is unpersuasive. First, Plaintiff is not proceeding *in forma*

2

*pauperis*, "and having to participate in depositions is a normal incident of litigation." *Quarrie v. New Mexico Inst. of Mining & Tech.*, 2014 WL 11456600, at *3 (D.N.M.) (citing Fed. R. Civ. P. 37(d)). "Parties are typically expected to bear their own costs regarding travel for depositions." *Id.* ("Missing a single day of work—or even several days of work—is insufficient justification to excuse Plaintiff from appearing for his deposition"); *see also Gipson v. Southwestern Bell Tel. Co.*, 2008 WL 4499972, at *5 (D. Kan.) ("The mere fact that Plaintiffs are subjected to some expense in traveling to Kansas City from El Paso for their depositions is not sufficient to show that the burden is 'undue' so as to justify a protective order.").

The Court finds that Plaintiff has not established sufficient burden to prevent her deposition from taking place in New Mexico. Plaintiff filed her case here and therefore must make herself available for a deposition in her chosen forum. *See Trujillo v. Bd. of Educ. for Albuquerque Pub. Sch.*, 2006 WL 8443843, at *2 (D.N.M.) ("Trujillo chose the forum. Thus, she must make herself available for a deposition in the chosen forum, even if she must now travel to New Mexico from some other state."). Consequently, the Court denies Plaintiff's Motion to Appear for Deposition via Zoom and will require Plaintiff to appear for her deposition in New Mexico.

IT IS THEREFORE ORDERED, for the reasons stated above, that Plaintiff's Motion to Appear for Deposition via Zoom, (Doc. 59), is DENIED.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE