IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA WAITE,

    Plaintiff,

v.                                                                    No. 1:22-cv-986 KG/KRS

EDURO HEALTHCARE, LLC,
CABEZON NURSING AND REHAB CENTER, LLC,
JOSEPH FOXWOOD, JOLENE GUTIERREZ,
JERA BAILEY, and CATE DYER,

    Defendants.

## ORDER GRANTING IN PART MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Plaintiff's Motion for Reconsideration on Order Denying Plaintiff's Motion to Appear for Deposition via Zoom, (Doc. 63), filed August 16, 2024. Pursuant to the Court's Order for Expedited Briefing, Defendants filed a response to the Motion on August 21, 2024. (Docs. 64, 68). Plaintiff has not filed a reply and the time for doing so has passed. Having considered the Motion, response, and record of the case, the Court grants the Motion for Reconsideration in part as set forth below.

Plaintiff asks the Court to reconsider its Order Denying her Motion to Appear for Deposition via Zoom, (Doc. 62), stating in her Motion to Reconsider that she "has a severe medical condition" and "has serious concerns about her health and how traveling to Albuquerque will affect her health." (Doc. 63) at 1-2. Plaintiff attaches a letter from her physician, Dr. Todd Gonzalez, which states that Plaintiff has "multiple medical conditions that make it extremely difficult for her to travel and ambulate" and that "this difficulty will be close to insurmountable if she has to fly." (Doc. 63-1).

In response, Defendants state that Plaintiff "has admitted in various discovery responses that her medical condition has not hindered her from moving twice and taking multiple vacations, including camping trips to the mountains." (Doc. 68) at 1. Defendants attach discovery responses supporting this statement. *Id.* at 2-3; (Docs. 68-1, 68-2, 68-3). Defendants further state that Plaintiff's counsel never raised the issue of Plaintiff having a difficult time traveling throughout discussions regarding setting her deposition. *Id.* at 3. Defendants attach communications with Plaintiff's counsel supporting this as well. (Doc. 68-6). Additionally, Plaintiff did not raise any concerns due to her health when she filed her Motion to Appear for Deposition via Zoom, and instead argued that she could not travel due to financial concerns. (Doc. 68) at 3. Defendants argue that neither the Motion to Reconsider nor the physician's note state that it is impossible for Plaintiff to travel or that it is a serious danger or health risk to her. *Id.* at 4. Defendants note that there are accommodations to help people traveling by airplane with ambulation and health issues, including the use of wheelchairs and special boarding procedures, and that Plaintiff could choose to travel by other modes of transportation such as train or vehicle. *Id.* at 5. Defendants state they proposed that they travel to North Carolina for Plaintiff's deposition if Plaintiff would cover travel costs, but Plaintiff rejected that suggestion. *Id*. Accordingly, Defendants oppose Plaintiff's Motion to Reconsider and state they would be prejudiced if they are forced to take Plaintiff's deposition via Zoom because they need to introduce and discuss multiple documents regarding Plaintiff's claims, and technological issues during the deposition would affect their ability to effectively depose Plaintiff. *Id.* at 8-9.

On August 14, 2024, after ordering expedited briefing, the Court denied Plaintiff's motion to appear for her August 30, 2024 deposition via Zoom. (Doc. 62). In that Motion, Plaintiff asked the Court to allow her to appear via Zoom because she resides in North Carolina

and "[d]ue to financial reasons, it is too costly for Plaintiff to travel to New Mexico for her deposition." (Doc. 59). The Court found this argument unpersuasive and denied the Motion. *Id.* (citing *Quarrie v. New Mexico Inst. of Mining & Tech.*, 2014 WL 11456600, at *3 (D.N.M.) ("Parties are typically expected to bear their own costs regarding travel for depositions."); *Gipson v. Southwestern Bell Tel. Co.*, 2008 WL 4499972, at *5 (D. Kan.) ("The mere fact that Plaintiffs are subjected to some expense in traveling to Kansas City from El Paso for their depositions is not sufficient to show that the burden is 'undue' so as to justify a protective order.")). Two days later, Plaintiff filed her Motion for Reconsideration and for the first time asserted that it would be difficult for her to travel because of her health.

As explained in the Court's Order Denying Plaintiff's Motion to Appear for Deposition via Zoom, the examining party generally designates the location for the deposition of another party. *See* Fed. R. Civ. P. 30(b)(1). "[I]f the party deposed is a plaintiff or its agent, deposition is generally appropriate at the litigation forum." *Radian Asset Assur., Inc. v. Coll. of Christian Bros. of New Mexico*, 2010 WL 5150718, at *6 (D.N.M.) (quoting 7 J. Moore, et al., *Moore's Federal Practice* ¶ 30.20[1][b][ii] (3d ed.1997)). "The basis for requiring plaintiff to come to the forum for the taking of his or her deposition in most cases is that plaintiff has selected the forum." *Id.* at *5 (quoting 8A C. Wright, A. Miller, M. Kane & R. Marcus, *Federal Practice and Procedure* § 2112, at 533 (3d ed.2010)). Nevertheless, a court may grant a protective order to appoint a different place for the deposition to protect a party from "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). When determining whether a protective order is proper, "[t]he trial court has great discretion in establishing the time and place of a deposition." *Sheftelman v. Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987); *Begay v. United States*, 2018 WL 443325, at *2 (D.N.M.) ("Because the Plaintiff has greater influence over the choice of forum,

3

courts are more willing to protect a defendant from having to come to the forum for the taking of his or her deposition than they are in the case of plaintiffs.") (citation omitted). "As a general policy, the Court encourages parties to set depositions in mutually agreeable locations." *Begay*, 2018 WL 443325, at *2 (citation omitted).

Neither Plaintiff nor her physician state that she is unable to travel. As Defendants have shown, Plaintiff has fairly recently moved from New Mexico to North Carolina and has gone on vacations. Indeed, Plaintiff's health concerns were not serious enough for her raise them with Defendants when they were working to set her deposition or even in her Motion to Appear for Deposition via Zoom. For these reasons, as well as Plaintiff's failure to file a reply to address Defendants' assertions, the Court finds that Plaintiff's belated claims about her health concerns are not credible. Therefore, the Court again finds that Plaintiff has not established sufficient burden to prevent her deposition from taking place in New Mexico. *See Trujillo v. Bd. of Educ. for Albuquerque Pub. Sch.*, 2006 WL 8443843, at *2 (D.N.M.) ("Trujillo chose the forum. Thus, she must make herself available for a deposition in the chosen forum, even if she must now travel to New Mexico from some other state."). Nevertheless, the Court finds reasonable Defendants' proposal to travel to North Carolina for Plaintiff's in-person deposition if Plaintiff pays all of Defendants' expenses in doing so. Accordingly, the Court grants Plaintiff's Motion for Reconsideration in party and Plaintiff has the option of either traveling to New Mexico for her August 30, 2024 deposition, or paying for Defendants to travel to North Carolina for her in-person deposition.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration, (Doc. 63), is GRANTED in part and DENIED in part. Plaintiff is ordered to either: (1) Appear in person for her August 30, 2024 deposition; or (2) Pay all of Defendants' expenses required to travel to

North Carolina to conduct her in-person deposition there.  If Plaintiff makes any further efforts to avoid an in-person deposition, the Court will consider additional sanctions.

                                                 */s/ Kevin Sweazea*
                                                 KEVIN R. SWEAZEA
                                                 UNITED STATES MAGISTRATE JUDGE