IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA WAITE,

    Plaintiff,

v.                                                     No. 1:22-cv-986 KG/KRS

EDURO HEALTHCARE, LLC,
CABEZON NURSING AND REHAB CENTER, LLC,
JOSEPH FOXWOOD, JOLENE GUTIERREZ,
JERA BAILEY, and CATE DYER,

    Defendants.

## ORDER DENYING MOTIONS TO EXCEED DISCOVERY LIMITS AND EXTEND DISCOVERY DEADLINES

THIS MATTER is before the Court on Plaintiff's Motion to Exceed the Discovery Limits, (Doc. 66), filed August 21, 2024, and Motion to Extend Discovery Deadlines, (Doc. 70), filed August 26, 2024. Defendants filed responses to the Motions on September 4, 2024 and September 9, 2024, respectively. (Docs. 75, 78). Plaintiff filed replies to the Motions on September 10, 2024. (Docs. 80, 82). Having considered the parties' briefing, the record of the case, and relevant law, the Court denies both Motions.

### I.    Background

Plaintiff brings claims against Defendants under the Family and Medical Leave Act and the New Mexico Human Rights Act, alleging unlawful termination from employment. (Doc. 1). On October 12, 2023, the Court entered a Scheduling Order setting a deadline of September 24, 2024 for the termination of discovery. (Doc. 26) at 2. The Scheduling Order further set limits of

twenty-five (25) interrogatories and twenty-five (25) requests for admission by each party to any other party. *Id.* at 1.

In her Motion to Exceed Discovery Limits, Plaintiff asks the Court to modify the Scheduling Order to allow her to serve on Defendant Eduro Healthcare ten (10) additional requests for production ("RFPs") and twenty-five (25) additional requests for admission ("RFAs"). (Doc. 66) at 1-2. As grounds for the request, Plaintiff states that "[d]uring the depositions of defendants Dyer and Bailey, the witnesses referred plaintiff's counsel to documents that were not produced," and that "documents were received from the State of New Mexico regarding state surveys" and "[t]hese surveys presented questions that needed discovery." *Id.* at 2. Plaintiff also moves to extend the discovery deadline by six (6) weeks, stating she "has not had sufficient time to depose certain parties of defendants and obtain pertinent discovery responses from the Defendant." (Doc. 70) at 1.

Defendants oppose both Motions because Plaintiff has not set forth good cause for additional discovery requests or to extend the discovery deadline. (Docs. 75, 78). Defendants note that Plaintiff does not state what documents Defendants have allegedly not produced, and Plaintiff did not file motions to compel or engage in a good-faith request under Fed. R. Civ. P. 37 regarding Defendants' discovery responses. (Doc. 75) at 1; 6-7. Defendants explain that the state surveys Plaintiff references are publicly available and have been accessible to Plaintiff during the entire discovery period. *Id.* at 1-2; 7-9. Defendants argue they would be prejudiced if the Motions were granted because extending the discovery deadline and allowing additional discovery would interfere with the dispositive motions deadline of October 25, 2024. (Doc. 75) at 7-8; (Doc. 78) at 4-5. Defendants further contend Plaintiff has not established the requested information or extension would lead to relevant evidence. (Doc. 75) at 9-10; (Doc. 78) at 5.

In Plaintiff's replies to her Motions, Plaintiff asserts she provided good cause for additional discovery and extension of the discovery deadline because the discovery she seeks is relevant and Defendants will not be prejudiced.  (Doc. 80, 82).  Plaintiff states that additional discovery requests are necessary because information "was brought up in Defendants' depositions or the deposition of plaintiff," and because Defendants' "continued raising of the survey as a possible basis for plaintiff's termination makes them relevant." (Doc. 80) at 3.  In reply to her Motion to Extend Discovery Deadline, Plaintiff states that the state survey was brought up in Defendant Foxhood's deposition, and Plaintiff "wants all notes, reports and communications related to the surveys and all complaints made against Plaintiff that Defendant Foxhood claims were brought against her in addition to other discovery." (Doc. 82) at 2-3.

II.   **Analysis**

Under Fed. R. Civ. P. 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent."  *See also* D.N.M. LR-Civ. 16.1; *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion.").  The good cause standard can be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed," and "this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Assn.*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citation omitted).  "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, 2007 WL 2296955, at *3 (D.N.M.).

Plaintiff asks the Court to amend the Scheduling Order by allowing additional RFPs and RFAs and extending the discovery deadline for six weeks. (Doc. 66); (Doc. 70). The Court notes that the parties did not ask for a limit for RFPs, so Plaintiff's request for additional RFPs is unnecessary. Regarding the remaining relief sought, Plaintiff argues she has good cause for additional RFAs and an extension of the discovery deadline because she learned of new information during the depositions of Defendants Dyer and Bailey and received documents from the State of New Mexico regarding state surveys. (Doc. 66) at 2. However, Plaintiff does not state what new information was learned during those Defendants' depositions or what documents from the State of New Mexico she obtained or when she obtained them. Moreover, Plaintiff fails to state with any specificity what information she seeks other than stating she "has not had sufficient time to depose certain parties of defendants and obtain pertinent discovery responses from the Defendant." (Doc. 70) at 1. While Plaintiff states in reply to her Motion to Extend Discovery deadlines that she "wants all notes, reports and communications related to the surveys and all complaints made against Plaintiff that Defendant Foxhood claims were brought against her in addition to other discovery," she does not explain why she has not already sought that information during the discovery period or why she needs additional RFAs to request those documents. Indeed, Plaintiff does not dispute that the state surveys are available publicly and that her counsel had a copy of the July 2021 state survey during Defendant Bailey's August 6, 2024 deposition. *See* (Doc. 75) at 4. Accordingly, the Court finds that Plaintiff has not shown that she learned of new information through discovery or that she cannot meet the scheduling deadlines despite her diligent efforts. The Court, therefore, finds no good cause to modify the scheduling order and denies Plaintiff's Motions.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Exceed the Discovery Limits, (Doc. 66), and Motion to Extend Discovery Deadlines, (Doc. 70), are DENIED for the reasons stated above.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE